APPENDIX A

# United States Bankruptcy Court
**District of Maryland**

In re  **Martina A Jennings**                                         Case No.  
                                    Debtor(s)                          Chapter  **13**

## CHAPTER 13 PLAN

☐ Original Plan        ☒ Amended Plan        ☐ Modified Plan

The Debtor proposes the following Chapter 13 plan and makes the following declarations:

1. The future earnings of the Debtor are submitted to the supervision and control of the Trustee, and Debtor will pay as follows (select only one):

    a. $_____ per month for a term of _____ months. OR

    b. $ **572** lump sum for month(s) 1-6,  
       $ **423.3** per month for **54** month(s),  
       $_____ per month for _____ month(s), for a total term of **60** months. OR

    c. $_____ per month prior to confirmation of this plan, and $_____ per month after confirmation of this plan, for a total term of _____ month(s),

2. From the payments received, the Trustee will make the disbursements in the order described below:
    a. Allowed unsecured claims for domestic support obligations and trustee commissions.
    b. Administrative claims under 11 U.S.C. § 507(a)(2), including attorney's fee balance of $ **3500 per app f** (unless allowed for a different amount by an order of Court).
    c. Claims payable under 11 U.S.C. § 1326(b)(3). Specify the monthly payment: $_____.
    d. Other priority claims defined by 11 U.S.C. § 507(a)(3) - (10). The Debtor anticipates the following claims:

| Claimant | Amount of Claim |
|---|---|
| -NONE- | |

    e. Concurrent with payments on non-administrative priority claims, the Trustee will pay secured creditors as follows:

       i. Until the plan is confirmed, adequate protection payments and/or personal property lease payments on the following claims will be paid directly by the Debtor; and, after confirmation of the plan, the claims will be treated as specified in 2.e.ii or 2.e.iii, below (designate the amount of the monthly payment to be made by the Debtor prior to confirmation, and provide the redacted account number (last 4 digits only), if any, used by the claimant to identify the claim):

| Claimant | Redacted Acct. No. | Monthly Payment |
|---|---|---|
| -NONE- | | |

       ii. Pre-petition arrears on the following claims will be paid through equal monthly amounts under the plan while the Debtor maintains post-petition payments directly (designate the amount of anticipated arrears, and the amount of monthly payment for arrears to be made under the plan):

| Claimant | Anticipated Arrears | Monthly Payment | No. of Mos. |
|---|---|---|---|
| -NONE- | | | |

       iii.    The following secured claims will be paid in full, as allowed, at the designated interest rates through equal monthly amounts under the plan:

| Claimant | Amount | % Rate | Monthly Payment | No. of Mos. |
|---|---|---|---|---|
| **Capital One Auto Finance** | 13,674.65 | 6.25 | 326.33 | 55 |

       iv.    The following secured claims will be satisfied through surrender of the collateral securing the claims (describe the collateral); any allowed claims for deficiencies will be paid pro rata with general unsecured creditors; upon confirmation of the plan, the automatic stay is lifted, if not modified earlier, as to the collateral of the listed creditors:

| Claimant | Amount of Claim | Description of Collateral |
|---|---|---|
| **-NONE-** | | |

       v.    The following secured claims are not affected by this plan and will be paid outside of the plan directly by the Debtor:

| Claimant |
|---|
| **-NONE-** |

       vi.    If any secured claim not described in the previous paragraphs is filed and not disallowed, that claim shall be paid or otherwise dealt with outside the plan directly by the Debtor, and it will not be discharged upon completion of the plan.

       vii.    In the event that the trustee is holding funds in excess of those needed to make the payments specified in the Plan for any month, the trustee may pay secured claims listed in paragraphs 2.e.ii and 2.e.iii in amounts larger than those specified in such paragraphs.

    f.    After payment of priority and secured claims, the balance of funds will be paid pro rata on allowed general, unsecured claims.  (If there is more than one class of unsecured claims, describe each class.)

3.    The amount of each claim to be paid under the plan will be established by the creditor's proof of claim or superseding Court order.  The Debtor anticipates filing the following motion(s) to value a claim or avoid a lien. (Indicate the asserted value of the secured claim for any motion to value collateral.):

| Claimant | Amount of Claim | Description of Property |
|---|---|---|
| Capital One Auto Finance | 13,674.65 | 2005 Ford Expedition |

4.    Payments made by the Chapter 13 trustee on account of arrearages on pre-petition secured claims may be applied only to the portion of the claim pertaining to pre-petition arrears, so that upon completion of all payments due under the Plan, the loan will be deemed current through the date of the filing of this case.  For the purposes of the imposition of default interest and post-petition charges, the loan shall be deemed current as of the filing of this case.

5.    Secured Creditors who are holding claims subject to cramdown will retain their liens until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or discharge under § 1328; and if the case is dismissed or converted without completion of the plan, the lien shall also be retained by such holders to the extent recognized under applicable nonbankruptcy law.

6.    The following executory contracts and/or unexpired leases are assumed (or rejected, so indicate); any unexpired lease with respect to personal property that has not previously been assumed during the case, and is not assumed in the plan, is deemed rejected and the stay of §§ 362 and/or 1301 is automatically terminated:

| Other Party | Description of Contract or Lease | Assumed or Rejected |
|---|---|---|
| **-NONE-** | | |

7. Title to the Debtor's property shall revest in the Debtor when the Debtor is granted a discharge pursuant to 11 U.S.C. § 1328, or upon dismissal of the case, or upon closing of the case.

8. Non-Standard Provisions:

Date **September 9, 2013**       Signature **/s/ Martina A Jennings**
                                                                        **Martina A Jennings**
                                                                         Debtor

Attorney **/s/ Teresa Cho Edwards**
                 **Teresa Cho Edwards 17587**

# United States Bankruptcy Court
**District of Maryland**

In re **Martina A Jennings**                                          Case No. **13-13791**

                                    Debtor(s)                          Chapter **13**

## PRE-CONFIRMATION CERTIFICATION - AMENDED

Debtor(s) hereby certify under penalty of perjury that the following statements are true and correct:

1. Debtor(s) has/have paid any fee, charge, amount required under Sec. 1930 of title 28, U.S.C, or by the plan (i.e. adequate protection payments) to be paid before confirmation.

2. Debtor(s) has/have paid all amounts that are required under a domestic support obligation and that first became payable after the date of the filing of the petition, if applicable.

3. Debtor(s) has/have filed all applicable Federal, State, and Local tax returns with the appropriate taxing authorities for all taxable periods ending during the 4-year period ending on the date of the filing of the petition.

Debtor(s) affirm that the plan is proposed in accordance with 11 U.S.C §1325 and request said plan be confirmed.

Date **September 9, 2013**                     Signature **/s/ Martina A Jennings**
                                                         **Martina A Jennings**
                                                         Debtor

**Local Bankruptcy Form O**
Ver. 11.07
Software Copyright (c) 1996-2013 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

## United States Bankruptcy Court
### District of Maryland

In re **Martina A Jennings**                                                                 Case No. **13-13791**
                                        Debtor(s)                                             Chapter **13**

## CERTIFICATE OF SERVICE

I hereby certify that on September 9 **2013**, a copy of Amended Chapter 13 Plan was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

**Acs/wells Fargo**
**Ashleystewar**
**Ashro**
**Asset Acceptance Llc**
**Assoc Credit Services**
**Bk Of Amer**
**Cap One**
**Cap1/bstby**
**Capital 1 Bank**
**Capital 1 Bank**
**Capital One Auto Finance**
**Citbk/avenue**
**Citibank Usa**
**Comenity Bank/lnbryant**
**Dept Of Education/neln**
**Dept Of Education/neln**
**Dept Of Education/neln**
**Dept Of Education/neln**
**Dept Of Education/neln**
**Dept Of Education/neln**
**Emblem**
**Emblem**
**EMPIRIAN VILLAGE OF MARYLAND, LLC.**
**Equiant Financial Svcs**
**Exxmblciti**
**Fashion Bug/soanb/WFNNB**
**First Premier Bank**
**First Premier Bank**
**Firstbkde/cf**
**Fms Financial Solution**
**Fms Financial Solution**
**Gecrb/amazon**
**GEMB / Old Navy**
**Gemb/walmart**
**Ginnys**
**Hsbc Bank**
**Jprecovery**
**Midland Credit Mgmt In**
**Midnight Velvet**
**Monroe and Main**
**PNC**
**Portfolio Recovery**
**Professional Account Management, LLC.**
**Professnl Acct Mgmt In**
**Sevenh Avenue**
**Seventh Avenue**
**Shell Oil / Citibank**
**Student Loan Mkt Assn/Sallie Mae**
**WFFNB/Furniture Barn**

| **Wfnnb/kingsz** |
| **Wfnnb/woman** |
| **Woodstream Village** |

| **/s/ Teresa Cho Edwards** |
| **Teresa Cho Edwards 17587** |
| **Teresa Cho Edwards Law Frim** |
| **9500 Arena Drive Suite 460-A** |
| **Upper Marlboro, MD 20774** |
| **301-357-4761Fax:301-368-2111** |
| **tce@tcelaw.com** |